ADOLPH HIRSH, Respondent, *v.* WALTER BLAIR and DAVID H. BLAIR, Appellants.

First Department, May 29, 1919.

Judgment — confession of judgment — enforcement of subsequent confession of judgment void for fraud in obtaining promise not to issue body execution — remedy to enforce prior unverified confession — tender back of securities assigned with void confession — estoppel.

Defendants, who were loan and stockbrokers, through false and fraudulent representations procured a sum of money from plaintiff, who had an account with them. While proceedings for an accounting were pending, after discovery of the fraud, plaintiff complained to the Consolidated Exchange, and on the suggestion of its president, a surety company was procured to pay whatever judgment might be rendered against defendants. Subsequently the defendants were adjudged bankrupts. An interlocutory judgment was rendered in plaintiff's favor. Finally, an agreement was entered into between the parties, for the purpose of carrying on the business of loan brokers and stockbrokers, under which plaintiff was to receive a certain amount each month on his debt. Plaintiff reserved the right to reduce the indebtedness to judgment at any time, but agreed that as long as the agreement was kept he would not apply for a body execution, or any order in supplementary proceedings. Defendants offered judgment notes but plaintiff insisted on a confession of judgment, which was made on March 27, 1913. The confession was not executed in due form, as it purported only to be acknowledged and was not verified. On the strength of this confession of judgment the surety company paid plaintiff a sum in discharge of its obligation. On the discovery in June that the confession of judgment was defective, another was demanded. At this time a " second working agreement " was made, and on August.9, 1913, a second confession of judgment was tendered plaintiff on similar

conditions, and as security therefor written assignments of securities were made. To induce acceptance the defendants falsely represented that the securities which were on deposit as collateral were still with the trust company. Defendants never paid anything on their composition notes, and in March, 1914, after their removal from the State, filed a voluntary petition in bankruptcy, and were discharged of all their obligations. Judgment was entered on the second confession in January, 1914. The judgment appealed from decreed that plaintiff's agreement not to issue body execution or take any other action against defendants was void, and that the judgment entered in January was in full force and effect.

*Held,* that in so far as the judgment decreed the invalidity of plaintiff's agreement, there was sufficient evidence to sustain the finding of the court both as to the making of the false representations, and defendants' knowledge of their falsity;

That the entire agreement of August 9, 1913, was invalid and void because of the defendants' fraud, not only as to the plaintiff's written promise not to pursue the defendants, but also as to the assignment of the defendants' interest in certain securities.

In such case plaintiff could not demand back and destroy his promise not to take action against the defendants, and retain any fruits of the void agreement, by enforcing the second confession of judgment.

Plaintiff's sole remedy is to seek to compel the verification of the prior confession of judgment, valid but not verified, and enforce it, and he may not proceed to enforce a subsequent confession which has been tainted with fraud practiced on him to secure a promise not to issue body execution against the defendants or to proceed against them in any other way.

Where a second confession of judgment is void because of fraud practiced on the plaintiff, and on motion to vacate a judgment entered in accordance therewith, he claimed to hold it as part of a prior confession of judgment unenforcible because not verified, and it appeared that he tendered assignments of securities, made at the time of the second confession, his retention of the instruments will not estop him from rescinding the agreement.

APPEAL by the defendants, Walter Blair and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of August, 1918, upon the decision of the court after a trial at the New York Special Term adjudging a certain agreement to be void and decreeing that it be delivered up for cancellation and that a certain judgment entered on confession be decreed to be in full force and effect.

*Philip C. Samuels,* for the appellants.

*Mason Trowbridge* of counsel [*Trowbridge & Fox,* attorneys, for the respondent.

DOWLING, J.:

Plaintiff had been for some years a customer of defendants, who were partners in business as stockbrokers. His wife also had an account with defendants, which account was managed by plaintiff. The defendants originally had been engaged in business as loanbrokers. On April 3, 1912, defendants obtained from plaintiff a payment of $10,000 on said account (which was an active one) by certain false and fraudulent representations. Upon discovery of the fraud and in May, 1912, plaintiff began an action in the Supreme Court, New York county, against these defendants as partners for an accounting, alleging that they were indebted to him in the sum of upwards of $11,000. In his complaint in that action plaintiff charged the defendants with frauds on other customers, as well as himself; accused them of charging and retaining an unlawful rate of interest, of failing to carry out instructions, of reporting fictitious transactions, of failing to properly credit payments made and of appropriating the same to their own use, of furnishing incorrect and untrue statements of their dealings with their customers. Plaintiff, while this action was pending, made complaint against defendants to the Consolidated Exchange, of which they were members, and at the suggestion of its president, defendants procured the American Surety Company to furnish an undertaking that it would pay any judgment which plaintiff might obtain against defendants in the accounting action to the extent of $2,775. On September 30, 1912, a petition in bankruptcy was filed against the defendants in the Southern District of New York, and on November 2, 1912, they were adjudged bankrupts.

An interlocutory judgment was rendered in favor of plaintiff in the accounting action, a referee was appointed to take the account, and an application was made to the referee to fix a date for a hearing therein. At this time defendants were endeavoring to effect a composition with their creditors. Negotiations were entered into for the settlement of plaintiff's claim and finally an agreement was entered into and reduced to writing, which was executed March 17, 1913. The parties thereto were plaintiff, the defendants, Alfred B. Mason and Macdonell Mason. The agreement recited that these defendants were then indebted to plaintiff in the sum of

$10,500; that they had been adjudged bankrupts and had offered a composition to their creditors, which was about to be moved for confirmation; that the debt to plaintiff was one that would not be affected by defendants' discharge in bankruptcy; that defendants were without means, but were experienced loanbrokers and stockbrokers; and that they desired to employ themselves in business for the benefit of plaintiff until his indebtedness was satisfied, and to apply the profits of the business to the satisfaction of plaintiff's debt; that plaintiff was willing so to accept payment in that way but desired the business to be conducted by Alfred B. Mason as his representative, and Mason was willing so to act and to accept a nominal share of the profits for his services until plaintiff's debt was paid, when the business was to be conducted thereafter for the benefit of defendants and Mason's son, Macdonell Mason.    The parties, therefore, agreed that Alfred B. Mason should open the business five days after the composition agreement had been either confirmed or rejected; the defendants were to be employed therein at weekly salaries of fifty dollars each till the debt had been paid, and thereafter each was to receive one-third of the profits.    Mason was to furnish the services of his son without charge till the debt was paid, and was to receive himself during said period twenty-five dollars weekly, and thereafter one-third of the profits; all the receipts of the business were to be paid over to plaintiff till his debt was paid, while plaintiff agreed to repay to Mason out of the receipts all the expenses of the business including salaries; the defendants were to give all their time and effort to the business.    As soon as his debt was paid, all the plaintiff's interest in the business was to cease.    After other clauses fixing the rights of the parties, the defendants agreed to cause to be delivered to plaintiff twenty-six shares of a water company and certain furniture as security for the indebtedness due him, with the right to sell same whenever the average monthly payments to him fell below one hundred dollars. It was finally provided: " Adolph Hirsh reserves the right to reduce the said indebtedness to judgment at any time, or so much of it as remains unpaid, but so long as the conditions of this contract are carried out and so long as the payments made to him thereunder out of the profits of the said business shall

average the sum of One hundred dollars ($100) per month, beginning with the month of May, 1913, as hereinbefore provided, he will not apply for any body execution upon such judgment, or for any order in supplementary proceedings thereon."

As part of the agreement between plaintiff and defendants, defendants offered to give him judgment notes for the amount due, $10,500. Plaintiff's attorneys refused to accept them, fearing they might be barred by a discharge in bankruptcy, and insisted on a confession of judgment. After further parleys, defendants finally agreed to give the confession of judgment demanded, and to permit the surety company to pay over to plaintiff the amount of its bond, $2,775, the company becoming subrogated to that extent to the judgment. Plaintiff agreed to accept the confession of judgment and to compromise his claim at the amount fixed, $10,500, to abandon the hearings before the referee and to seek no judgment in the accounting action other than that to be entered on the confession. He also agreed to subrogate the surety company to that judgment to the extent of the amount paid by it on its bond. Accordingly, on March 27, 1913, defendants confessed judgment in favor of plaintiff in the sum of $10,500, the instrument setting forth:

" This confession of judgment is for a debt justly due to the plaintiff on said February 24, 1913, arising upon the following facts:

" On April 3, 1912, the defendants obtained from the plaintiff, by false representations, the sum of $10,000, over against which said sum the defendants claim an offset of $12.54, being a balance due on said April 3, 1913, from the plaintiff to the defendants, on an open account. The net indebtedness of the defendants to the plaintiffs by reason of the premises with interest to February 24, 1913, as agreed upon, amounts to $10,500."

The confession, however, was not executed in due form, as it purported only to be acknowledged (under date of February eighteenth) and was not verified. The defect does not seem to have been noticed at the time, and plaintiff's attorney who had charge of his interests was away for some months. Although the confession of judgment was defective in form,

because it was not verified, the surety company paid plaintiff the sum of $2,775 (the full amount of its obligation) on April 3, 1913, and it seems clear that one of the reasons why plaintiff insisted on a confession of judgment (instead of accepting judgment notes) was that he might receive that sum from the surety company, which was bound to pay only in the event of a judgment being had, and that defendants executed and delivered the confession of judgment, knowing it would be used to obtain that sum from the company.

Upon the return of plaintiff's attorney in June, 1913, he discovered that the confession of judgment was defective in form and demanded a proper one, which he testifies he was promised by defendants' attorney. At this time a new or so-called " second working agreement " was drawn up relating to the conduct of the business, which had not proved successful. This was executed by plaintiff and Alfred B. Mason in the same month and, among other things, recited the withdrawal of Macdonell Mason from the business, by consent, as well as the fact that plaintiff had advanced over $1,000 more to pay the expenses of the concern, which had been conducted at a loss. The defendants had not executed this agreement up to August, 1913. On August 9, 1913, defendants tendered to plaintiff a confession of judgment, duly executed, and as security for said debt a written assignment from defendants to plaintiff of the interest of defendants in certain securities which defendants had on deposit on September 30, 1912, with a certain trust company as security for a loan, and of any interest which defendants might then have on said August 9, 1913, in any securities on deposit with a certain bank.

The last-mentioned confession of judgment conformed in all respects to the confession of judgment agreed upon on March 27, 1913, except that it did not permit the entry of judgment thereon until on or after April 3, 1913, whereas, under the terms of the agreement of March 27, 1913, plaintiff was to receive a confession of judgment upon which judgment might be entered at any time, and it further provided that the sum of $10,500 covered interest on the debt for which it was given up to April 3, 1913, whereas under the terms of the said agreement that sum was to cover interest on said debt up

to February 24, 1913, only; and it recited that judgment was confessed as of March 27, 1913.

This confession and assignment were so tendered upon condition that plaintiff sign and deliver to defendants a certain writing in the form of a letter to defendants, dated August 9, 1913, which they then exhibited to him and requested him to sign, which recited that plaintiff, in consideration of the receipt of said last-mentioned confession of judgment and assignment, would not issue any body execution or take any other action against defendants or either of them by reason of the confession of judgment executed by defendants on that date. For the purpose of inducing plaintiff to sign said letter, defendants then falsely and fraudulently pretended and represented to plaintiff that the securities which they had on deposit with the said trust company on September 30, 1912, as collateral for a loan, were still on deposit there as such security, and that defendants then owned an interest therein and that said interest was then worth over $8,000, and that defendants then owned an interest in certain other collateral then on deposit with the above-mentioned bank, and that the said assignment in the form in which it was so tendered to plaintiff had been theretofore drawn and approved by plaintiff's attorney, and that its acceptance by plaintiff had been approved by the attorney, and that the said letter had been drawn pursuant to an understanding and agreement theretofore had between defendants and plaintiff's attorney, and that the attorney had approved and consented to the provisions thereof and its execution by plaintiff, and had authorized the acceptance by plaintiff of the confession of judgment and assignment upon the terms and conditions on which they were tendered.

Plaintiff endeavored to communicate with his attorney, but he was out of the city, so, relying upon the representations made, he accepted the second confession of judgment and the assignment, and signed and delivered the desired letter agreeing not to issue body execution against the defendants. The representations thus made were all false and untrue, to the knowledge of defendants. Judgment was not entered on the second confession of judgment until January, 1914. In April, 1914, defendants moved to set aside the judgment on the ground of plaintiff's agreement that he would take no

action upon the confession of judgment, and plaintiff contested the motion, claiming that the agreement set up by defendants had been procured by false representations and was without consideration, and that he' was entitled to enter judgment under the agreement of March 27, 1913. The motion was denied. Defendants never paid anything on their composition notes and in March, 1914, after they had removed to the State of New Jersey, they filed voluntary petitions in bankruptcy and were again discharged of all their obligations, including said notes. Nothing has ever been paid upon the judgment in question save the $2,775 received from the surety company.

The judgment appealed from decreed (1) that the agreement made by plaintiff with defendants on August 9, 1913, that plaintiff would not issue body execution or take any other action against defendants by reason of the confession of judgment executed by defendants is void, and that the same be canceled and delivered up to plaintiff; and (2) that the judgment entered on said confession of judgment on January 22, 1914, is in full force and effect.

In so far as the judgment determines the invalidity of the agreement in question, there is sufficient evidence to sustain the finding of the court both as to the making of the false representations by defendants to induce plaintiff to enter into it, and as to defendants' knowledge of their falsity. I am of opinion that the entire agreement of August 9, 1913, was rendered invalid and void by defendants' fraud in procuring plaintiff's consent thereto. This leads to the cancellation and setting aside of all the instruments executed and delivered as a part of the transaction, including not only the particular agreement which plaintiff seeks specifically to annul (i. e., the letter containing the promise not to issue body execution against defendants nor to take any other action against them by reason of the confession of judgment), but also the assignment of defendants' interest in certain securities (which plaintiff tendered to defendants upon the trial). Nor could plaintiff repudiate this agreement of August 9, 1913, and seek to be relieved from any burden imposed upon him thereunder, and at the same time retain any advantage gained therefrom at defendants' expense. He could

not demand back and destroy his promise not to take any action on the judgment based on the confession, and still retain either the assignment of securities or the second confession of judgment, or both, unless the delivery of either of the last-mentioned instruments formed no part of the transaction repudiated, but was made under a prior, separate and distinct agreement. The judgment appealed from and the decision on which it is based both proceed upon the theory that, because plaintiff had a right under his agreement with defendants of March 27, 1913, to receive a valid confession of judgment from defendants, therefore, he had the right to retain the second confession (which was properly verified) and hold the judgment entered thereupon. I do not believe this is a correct theory of plaintiff's rights. He had already in his possession a confession of judgment signed by defendants, but upon which he could not enter judgment because it was not verified by them. This instrument, for aught that appears, is still in his possession. At any rate, it is not shown ever to have been returned or tendered to defendants. It seems to me that his sole right, under the facts disclosed by the record, is to seek to compel the verification by defendants of that confession, so that judgment may be entered thereupon. It was upon the faith of that confession that the surety company paid over to plaintiff the sum of $2,775. It was to that first confession that defendants and the surety company refer in their written agreement dated March 27, 1913, and it was to a judgment thereupon that the surety company was in part to be subrogated. The agreement of March 27, 1913, must be treated as a separate and distinct transaction from that of the following August. The August agreement must be canceled and anulled *in toto*. Defendants did not give the second confession of judgment because they admitted they were liable and bound so to do, but as part of the consideration in a new and different transaction. Plaintiff cannot accept it in part and reject it in part, but is bound by his election to the rescission of the whole transaction.

Considering the second phase of the relief given by the judgment, therefore, it seems to me that it cannot be sustained. Whether or not plaintiff was entitled to a further confession of judgment under the agreement of March twenty-seventh, was

not an issue tendered by the complaint herein. The specific relief sought was the cancellation of plaintiff's promise not to take action on the judgment. That involved the defendants' fraud in procuring the agreement. The whole transaction being tainted with fraud, so far as defendants were concerned, it all fails and becomes ineffective. The second confession of judgment must go with the other parts of the agreement. It was not in its terms identical with the first confession. Plaintiff still has his right to seek to enforce the agreement by defendants to give him a proper confession of judgment, and by appropriate action can ask that they be compelled to properly verify the first confession of judgment, upon the faith of which plaintiff has already received from the surety company the sum of $2,775.

Were it not for the peculiar circumstances of this case, plaintiff might be embarrassed in his desire to have the transaction of August ninth declared invalid, in view of his failure to return either the assignment of securities or the second confession of judgment. But I think that when plaintiff opposed the motion to vacate the judgment in April, 1914, he sufficiently disclosed that he was not holding the second confession by reason of the agreement of the preceding August, but claimed to hold it as a part of the original agreement of March. This, coupled with his tender of the assignment of securities upon the trial, answers the objection based upon his apparent retention of the two instruments, which is claimed to estop him from rescinding the agreement. The question of the disposition to be made of the second confession is not now before us. Defendants asked for no affirmative relief in this action.

The judgment appealed from will, therefore, be modified by striking therefrom the provision " and that the judgment entered on said confession of judgment on January 22, 1914, is in full force and effect," and as so modified it will be affirmed, without costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment modified as directed in opinion, and as so modified affirmed, without costs. Order to be settled on notice.